*Conrad & Grymes* for the defendants.

---

*BEALE* vs *DELANCY & AL.*

A sale from a father to a minor child, paid for by the child's notes, the property remaining in the father's

APPEAL from the court of probates of the parish and city of New Orleans.

MARTIN, J. delivered the opinion of the

court. The plaintiff, widow of Thos. Beale, opposed the tableau of distribution filed by the curator of the estate of Thomas Beale, jr. son of her late husband, in her own right, and as tutor of their minor children, claiming, as such, to be placed on the tableau for the sum of $124,400, the amount of sundry notes given by the son to the father as the price of immoveable and moveable property, purchased by the former from the latter, with a right of mortgage, according to the terms of the sale.

Her claim was opposed by the natural mother and beneficiary heir of Thomas Beale, jr and by the creditors of his estate.

By consent of the defendants, the curator was discharged on giving to the plaintiff a bill of sale for the property purchased by her at the vendue of the estate of Thomas Beale, jr on her executing her notes for the price, without endorser, but giving a mortgage according to law, the curator depositing said notes with the register of wills, and the right of the defendant Delancy as mother and beneficiary heir was recognized.

By a subsequent agreement, the claims against the estate placed by the curator on the tableau, were admitted and recognized to be

due, according to their respective order and privilege.

The court of probates declared the sale, for the consideration of which the notes, the amount of which is claimed by the plaintiff, were given, simulated and void, and consequently decreed the cancelling of the notes.

It decreed the moneys, titles and effects of the estate, and all the property in nature, and the proceeds of so much as may have been legally disposed of, to be sequestered and detained by the curator and register of wills, to be thereafter disposed of by the court, and respectively delivered as follows:

1st. The estate of Thomas Beale, jr. to the defendant Delancy, for liquidation and settlement.

2d. The property attempted to be disposed of by the simulated sale, to the plaintiff, applicable, whenever separately prayed for, to the payment of the debts of Thomas Beale.

It was further decreed, that the creditors of Thomas Beale, jr. should remain before the court, *in statu quo,* as nonsuited, till other proceedings should take place for the settlement of the estates, and the creditors be respectively placed on new tableaux. From this judgment the plaintiff appealed.

We think the judge of probates did not err in considering the sale from the father to the son as simulated. This sale was made at the eve of the father's bankruptcy to an infant natural son, for a sum of upwards of $100,000, and consideration was received in the son's notes: the father remained in possession till his death.

The sale being set aside, it naturally follows, that the proceeds of the thing sold are not to be distributed, and the opposition of the plaintiff must be rejected.

The disposition of the property which the court below has made, appears to us correct; the property of Beale, sen. is given to the plaintiff, who was common in goods with him, and is tutrix of his children; that of the son to his mother, acknowledged by all parties to be his beneficiary heir.

The creditors of either must prosecute the heirs of their debtors respectively.

It is therefore ordered, adjudged and decreed, that the judgment of the court of probates be affirmed, with costs.

*Grymes* for the plaintiff, *McCaleb* for the defendants.